PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MIGUEL DIAZ, # 18-A-2702,

        Plaintiff,

   -v-

NAOMI, M.,

        Defendant.

_____

19-CV-6906 CJS
ORDER

## **INTRODUCTION**

      Pro se Plaintiff, Miguel Diaz,[1] is a prisoner confined at the Southport Correctional Facility ("Southport"). He filed a Complaint seeking relief under 42 U.S.C. § 1983 alleging that medical and dental personnel at the Attica Correctional Facility ("Attica") provided inadequate medical and dental treatment. Docket No. 1. Upon granting Plaintiff permission to proceed *in forma pauperis*, the Court screened the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and found that Plaintiff's claims failed to state claims upon which relief could be granted but granted Plaintiff leave to file an amended complaint against each of the Defendants in an attempt to state plausible claims for relief. Docket Item 7 ("Screening Order"). Plaintiff filed an Amended Complaint but against only one Defendant, Naomi, M. The Court must now screen the Amended Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

      For the following reasons, the Amended Complaint is dismissed because it fails to state a claim upon which relief can be granted.

---

[1] Upon a review of PACER (Public Access to Court Electronic Records), the Court located at least ten cases that Plaintiff has filed in little over one year, eight in this District alone.

## **DISCUSSION**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) is frivolous, malicious or fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

**THE AMENDED COMPLAINT**

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

**SECTION 1983 CLAIMS**

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."

*Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido,* 41 F.3d 865, 875-76 (2d Cir. 1994)).  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

### 1. Inadequate Medical Treatment

The Amended Complaint alleges that on February 22, 2019, Naomi "d[e]spite doctors['] orders" denied Plaintiff physical therapy for his "left injured arm causing major damage."  Docket Item 10, at p. 5.  She "purp[ose]ly" ignored the doctors' orders without performing an examination.  On February 27, Plaintiff was transferred from Attica to Southport, where he was evaluated by a physical therapist and the damage to his arm discovered.  He currently is receiving physical therapy.  *Id.*  Plaintiff filed a grievance related to Naomi's denial of physical therapy services.  Upon investigation of the grievance, Naomi indicated that the physical therapy that had been approved has since been found to be medically unnecessary and discontinued.  *Id.* at p. 9-10.[2]  Based on these allegations, the Court finds that the Amended Complaint again fails state a claim upon which relief can be granted.

A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  See also *Ross v. Kelly*, 784  F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).  "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.' "  *Harrison v. Barkley*, 219 F.3d

---

[2] The Court deems the exhibits attached to Plaintiff's complaint part of the pleading and considers them in its screening decision.  *Cooper v. Dennison*, No. 08-CV-6238 CJS, 2011 WL 1118685, at *1 (W.D.N.Y. March 24, 2011) (in ruling on a 12(b)(6) motion to dismiss, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.")

132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)).  The Second Circuit pointed out that

> [medical] conditions . . . vary in severity and ... a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

*Id.* (quoting *Chance*, 143 F.3d at 702).

An isolated failure to provide medical treatment, without more, is generally not actionable unless the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment.  *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987).  "[N]ot every lapse in prison medical care will rise to the level of a constitutional violation."  *Smith v. Carpenter*, 316 F.2d 178, 184 (2d Cir. 2003) (citation omitted).  "In most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm."  *Id.* at 187.  Moreover, "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim."  *Chance*, 143 F.3d at 703.  The Court finds that the allegations in this claim are silent as to the circumstances surrounding Plaintiff's unspecified arm injury situation and do not suggest any degree of deliberateness on the part of Naomi and therefore Plaintiff has failed to allege a constitutional violation.

As addressed in the initial Screening Order, the Complaint failed to provide any details regarding the severity of Plaintiff's arm injury, "only that it requires some physical therapy."  Docket Item 7 at p. 6.  The Amended Complaint again lacks any factual allegations regarding the nature and severity of the arm injury.  Plaintiff alleges only that he suffered "major damage."  Docket Item 10 at p. 5.  There simply are no non-conclusory allegations that Plaintiff suffered a serious medical need or condition and that Naomi was deliberately indifferent to it.  Alleging only that Naomi "purp[ose]ly" ignored the doctors' orders without performing an examination is insufficient to allege deliberate indifference.

4

Further, while Plaintiff alleges that he received physical therapy upon his transfer to Southport, this does not support a plausible claim of deliberate indifference. At most, it alleges a delay in treatment. An alleged delay in treatment due to "a bad diagnosis or erroneous calculus of risks and costs, or a mistaken decision not to treat based on an erroneous view that the condition is benign or trivial or hopeless, or that treatment is unreliable, or that the cure is as risky or painful or bad as the malady" does not present deliberate indifference. *Sloane v. Borawski*, 64 F. Supp. 3d 473, 493 (W.D.N.Y. 2014) (quoting *Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 2000)). There are simply no allegations that the delay caused any harm to Plaintiff, let alone substantial harm. *See, e.g.*, *Colon v. Plescia*, 07-CV-0727, 2009 WL 2882944, at *4 (N.D.N.Y. July 27, 2009) (Peebles, M.J.)) ("Although a delay in medical care can demonstrate deliberate indifference, the plaintiff 'must show that a substantial harm resulted from the delay itself.'"), *report and recommendation adopted*, 2016 WL 1261125 (Mar. 30, 2019).

Even if the Court were to construe the allegations as alleging medical malpractice, such a claim does set forth a claim under Section 1983. S*ee, e.g.*, *Hill v. Curcione*, 657 F.3d 116 (2d Cir. 2011) ("Medical malpractice does not rise to level of constitutional violation unless the medical malpractice involves culpable recklessness–'an act or failure to act that evinces conscious disregard of a substantial risk of serious harm.' ") (quoting *Chance*, 143 F.3d at 703 (internal quotation marks omitted)).

Accordingly, the Amended Complaint is dismissed.

## **CONCLUSION**

For the reasons discussed above, the Amended Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three

actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## **ORDER**

IT HEREBY IS ORDERED, that the Amended Complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

DATED:   June 1, 2020
         Rochester, New York

                                    *Charles J. Siragusa*
                                    CHARLES J. SIRAGUSA
                                    United States District Judge